# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MEMBERS ONLY LICENSING GROUP, LLC,

    Plaintiff,

v.

CLASSIC CLOSEOUTS, LLC, ABC ENTITIES 1-10, and JOHN DOES 1-10 (fictitious defendants),

    Defendants.

Civil Action No. 2:08-cv-3175 (FSH) (PS)

**DISCOVERY CONFIDENTIALITY ORDER**

## DISCOVERY CONFIDENTIALITY ORDER

Upon request of Plaintiff for a Confidentiality Order, and without any objection from Defendant, pursuant to Local Rule 5.3 and Rule 26(c) of the Federal Rules of Civil Procedure, and upon consideration of the Certification of Silvano Raso, dated October 3, 2008 and for good cause shown IT IS HEREBY ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential", a party will make such designation only as to the information that it in good faith believes contains confidential information, that, if disclosed, would place the party at a competitive disadvantage as described in the Certification at 4 ¶ 9. Information or material which is available to the

573305

public, including catalogues, advertising materials, and the like, shall not be classified.

3. "Qualified Persons," as used herein means:

   a. Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

   b. Actual or potential independent technical experts or consultants who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" information to such persons and who have signed a document agreeing to be bound by the terms of this ~~protective~~ order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person); 

   c. The party or party representatives (in cases where the party is a legal entity) to whom it is necessary that the material be shown for purposes of litigation; and

   d. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" information by marking each page of the document(s) so designated with a stamp stating "Confidential".

   In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

   Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of

2

receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

6. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures.\* Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an

\* Except nothing herein shall prevent the timely compliance with a government subpoena or court order

(PS)

informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Confidentiality Order by objecting in writing to the party who has designated the document or information as "Confidential". The designating party shall be required to ~~move~~ apply to the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. *via the joint letter protocol set forth in the Pretrial Scheduling Order* (P)

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Confidentiality Order.

10. Nothing shall be regarded as "Confidential" information if it is information that either:

   a. is in the public domain at the time of disclosure, as evidenced by a written document;
   b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;
   c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or
   d. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. ~~In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" information used therein shall be filed under seal with the Court.~~ *Any request to seal information submitted in connection with a request for non-discovery relief shall be in accordance with Local Civ. R. 5.3. The party seeking to seal shall contact the chambers of the undersigned for instruction concerning the format of the motion.*

12. ~~The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated in whole or in part as "Confidential" information by a party to this action.~~ → *Designation as "confidential" under this order alone, is not a sufficient basis to seal the information from the public record.*

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information *↓designated as "confidential"* shall be subject to the provisions of this Order.

14. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a

4

party in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders or confidentiality orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders or confidentiality orders.

15. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" information produced by another party herein, which disclosure would be contrary to the terms of this Confidentiality Order.

16. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Confidentiality Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this ~~Confidentiality~~ Order.

17. This Order shall be subject to modification by the Court at any time.

SIGNED this the 3rd day of October, 2008.

*[signature]*
U.S. MAGISTRATE JUDGE SCHWARTZ